**Christopher FREEMAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 85079.**

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 27, 2005.

S. Kristina Starke, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel N. McPherson, Jefferson City, MO, for respondent.

Before MARY K. HOFF, P.J., CLIFFORD H. AHRENS, J., and PATRICIA L. COHEN, J.

*ORDER*

PER CURIAM.

Christopher Freeman ("movant") appeals from the judgment of the motion court denying his motion for post-conviction relief pursuant to Rule 24.035 following an evidentiary hearing. Movant contends that the motion court clearly erred in denying his amended motion because his guilty plea was not voluntarily made in

that the trial court denied his request for change of counsel, thereby denying him his right to effective assistance of counsel and coercing him to plead guilty by insisting that movant go to trial within nine days with assigned counsel if he did not plead guilty. Movant also argues that the motion court clearly erred in denying his amended motion because he was denied due process of law when the plea court sentenced him to a term of fifteen years' imprisonment, which exceeded his plea bargain with the State of Missouri ("State"), in that the record shows that movant had a true plea agreement with the State, and the plea court should have permitted him to withdraw his guilty plea if it would not honor the plea agreement. Movant additionally asserts that the motion court clearly erred in denying his amended motion, which claimed that his plea counsel was ineffective by failing to adequately discuss the charges with him, for advising him to enter a blind plea rather than accept the State's recommendation, and by threatening him that he would receive the maximum sentence if he failed to plead guilty.

We have reviewed the briefs of the parties and the record on appeal and find no error of law. No jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for this order.

The judgment of the trial court is affirmed in accordance with Rule 84.16(b).